IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JORGE L. NIEBLA,
        Plaintiff,

vs.                                 Case No. 5:08cv154/RS/MD

GULF CORRECTIONAL INSTITUTION,
        Defendant.

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Plaintiff initiated this action on May 8, 2008 by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Because plaintiff's complaint was not accompanied by the filing fee or an application to proceed *in forma pauperis*, this court entered an order on May 16, 2008 directing plaintiff to either pay the $350.00 filing fee or file a complete application to proceed *in forma pauperis*, within thirty days. (Doc. 4). Plaintiff was warned that failure to comply with the order would result in a recommendation of dismissal of this action.

Thereafter, plaintiff filed various documents, none of which were responsive to the court's May 16, 2008 order. Accordingly, on June 30, 2008 this court issued an order directing plaintiff to show cause, within twenty days, why this case should not be dismissed for failure to comply with an order of the court. Over twenty days has elapsed, and plaintiff has not responded to the order either to comply or to explain why compliance is not possible.

**Accordingly, it is respectfully RECOMMENDED:**

1. That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the court.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 23rd day of July, 2008.

/s/ *Miles Davis*
       **MILES DAVIS**
       **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**